# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| VICKIE TAYLOR PYFROM,<br><br>Plaintiff,<br><br>vs.<br><br>GREAT WEST CASUALTY COMPANY,<br>HENIFF TRANSPORTATION SYSTEMS, LLC,<br>HOMER S. KEIRSEY,<br>JAMES BERNARD NOLEN,<br><br>Defendants. | CIVIL ACTION<br>FILE NO. |

## COMPLAINT

COMES NOW Vickie Taylor Pyfrom, ("PLAINTIFF"), and makes and files this complaint against Defendants Great West Casualty Company, Heniff Transportation Systems, LLC., Homer S. Keirsey, and James Bernard Nolen as follows:

## PARTIES, JURISDICTION AND VENUE

1.

Jurisdiction is proper in the United States District Court for the Middle District of Georgia pursuant to 28 U.S. Code § 1332 as the PLAINTIFF and all Defendants

are citizens and domiciliaries of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.

Venue is proper in the Augusta Division of the Southern District of Georgia pursuant to O.C.G.A. § 40-12-3 (nonresident motorist statute) and Local Rule 3.4 as the case arises from a motor vehicle collision in Taliaferro County within the Augusta Division of the Southern District.

3.

PLAINTIFF is a citizen, resident and domiciliary of the State of South Carolina, residing at 653 Watts Hill Rd. Elgin, South Carolina 29045.

4.

Defendant Great West Casualty Company ("GWCC") is a corporation domiciled in Nebraska with its principal place of business located at 1100 West 29th Street, South Sioux City, Nebraska 68776-0277. It may be served through its registered agent for service of process in Georgia, to wit: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092, in Gwinnett County. Venue is proper as Defendant GWCC in this division because it has agents within this district.

5.

Defendant Heniff Transportation Systems, LLC ("HENIFF") is a corporation domiciled in Illinois with its principal place of business located at 2222 Camden Court, Oak Brook, Illinois 60523. It may be served through its registered agent for service of process in Georgia, to wit: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092, in Gwinnett County.

6.

Defendant Homer S. Keirsey ("KEIRSEY") is a citizen, resident and domiciliary of the State of Tennessee, and may be served at his residential address at 265 Sheep Ranch Road Southeast, Cleveland, Bradley County, Tennessee 37323.

7.

Defendant James Bernard Nolen ("NOLEN") is a citizen, resident and domiciliary of the State of North Carolina, and may be served at his residential address at 17920 Halton Park Dr. Apt. 3H, Charlotte, Mecklenburg County, North Carolina 28262.

## BACKGROUND

8.

On March 26, 2021, Defendant KEIRSEY was operating a Defendant HENIFF interstate commercial motor vehicle on I-20 in Taliaferro County, Georgia.

9.

On the date and time and place specified in the preceding numbered paragraph, Defendant KEIRSEY was an employee in the course and scope of employment for Defendant HENIFF.

10.

Defendant KEIRSEY, at the time and place specified in the preceding numbered paragraphs, was acting within the course and scope of his employment with Defendant HENIFF, collided with a motor vehicle occupied by PLAINTIFF.

11.

At all times pertinent to this action, Defendant HENIFF was a motor carrier subject to the Motor Carrier Act and the Federal Motor Carrier Safety Regulations, US DOT number 759493, Motor Carrier number MC-342531, operating commercial motor vehicles weighing more than 10,001 pounds and used to transport property on highways in interstate commerce.

12.

Defendant KEIRSEY, traveling on I-20 in Taliaferro County, Georgia, negligently drove the interstate commercial motor vehicle that he was operating, causing a collision that resulted in bodily injury to the PLAINTIFF.

13.

Defendant KEIRSEY, in the course and scope of employment for HENIFF, failed to exercise ordinary care in that he:

a. Followed another vehicle more closely than was reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway, in violation of O.C.G.A. § 40-6-49.

b. Drove too fast for the highway conditions then existing in violation of O.C.G.A. § 40-6-180.

c. Drove in excess of the speed limit in violation of O.C.G.A. §§ 40-6-181, 40-6-182 and 40-6-183.

d. Failed to exercise due care in operating a motor vehicle by engaging in activities that distracted him from safe operation of such vehicle in violation of O.C.G.A. § 40-6-241.

e. Drove with reckless disregard for the safety of persons or property in violation of O.C.G.A. § 40-6-390.

f. Failed to maintain a proper lookout for other vehicles on the roadway.

g. Failed to maintain control of the vehicle he was operating.

 h. Violated such additional provisions of Georgia law and the Federal Motor Carrier Safety Regulations as may be determined through discovery and proven at trial.

14.

Defendant HENIFF is liable to PLAINTIFF because:

 a. As a motor carrier in interstate commerce governed by the Federal Motor Carrier Safety Regulations, Defendant HENIFF failed to require driver observance of all duties of motor carriers as required by 49 CFR § 390.11, including but not limited to adherence to state traffic laws.

 b. Liability is imputed to Defendant HENIFF for the negligence of Defendant KEIRSEY under principles of agency and *respondeat superior*.

 c. Defendant HENIFF is liable for independent negligence in that it failed to exercise ordinary care in hiring, screening, employing, training and supervising Defendant KEIRSEY.

15.

The first area of impact that Defendant KEIRSEY made with PLAINTIFF'S motor vehicle was in the left lane of Interstate 20 westbound.

16.

The first impact between Defendant KEIRSEY and PLAINTIFF'S motor vehicle pushed PLAINTIFF'S vehicle into the second impact, also in the left lane, between PLAINTIFF'S motor vehicle and another vehicle driven by Earl J. Frobe.

17.

The second impact between PLAINTIFF'S vehicle and the vehicle driven by Earl J. Frobe caused the Frobe vehicle to be pushed in the rear of another vehicle driven by Joshua Ryan Maynard, causing a third impact in the left lane of Interstate 20. This third impact caused Joshua Maynard's vehicle to rotate 90 degrees in the left lane.

18.

As a combined results of the first three impacts, the PLAINTIFF'S vehicle came to rest in the median.

19.

A fourth impact occurred when a motor vehicle driven by Defendant NOLEN, was traveling westbound in the left lane of Interstate 20 behind the interstate commercial motor vehicle driven by Defendant KEIRSEY. Defendant NOLEN was driving too close to the Defendant HENIFF's interstate motor vehicle, when he swerved and maneuvered his car into the median to avoid hitting Defendant Heniff's

interstate motor vehicle, and violently struck the rear of PLAINTIFF'S vehicle sitting in the median.

20.

Defendant NOLEN failed to exercise ordinary care in that he:

a. Followed another vehicle more closely than was reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway, in violation of O.C.G.A. § 40-6-49.

b. Drove too fast for the highway conditions then existing in violation of O.C.G.A. § 40-6-180.

c. Drove in excess of the speed limit in violation of O.C.G.A. §§ 40-6-181, 40-6-182 and 40-6-183.

d. Failed to exercise due care in operating a motor vehicle by engaging in activities that distracted him from safe operation of such vehicle in violation of O.C.G.A. § 40-6-241.

e. Failed to maintain a proper lookout for other vehicles on the roadway.

f. Failed to maintain control of the vehicle he was operating.

g. Violated such additional provisions of Georgia law as may be determined through discovery and proven at trial.

21.

As the combined and indistinguishable effect of the foregoing collisions, PLAINTIFF'S body and neck were twisted, snapped, and torqued causing severe injuries to her entire body especially her head, neck, and back.

22.

The acts and omissions of Defendants KEIRSEY and HENIFF comprised the sole proximate cause of the first, second and third collisions and created the circumstances necessary for occurrence of the fourth impact.

23.

The acts and omissions of Defendants KEIRSEY, HENIFF and NOLEN, combined as concurrent proximate causes of the fourth impact.

24.

Pursuant to O.C.G.A. § 51-12-33, the jury must apportion fault between:

a. The negligence of Defendant KEIRSEY in operation of the Defendant HENIFF commercial motor vehicle, which is imputed to Defendant HENIFF, and the direct negligence of Defendant HENIFF hiring, screening, employing, training and supervising Defendant KEIRSEY, which combined as the sole proximate cause of the first three impacts.

b. The combined negligence of Defendants KEIRSEY AND HENIFF and the negligence of Defendant NOLEN which was a concurrent proximate cause of the fourth impact.

## COUNT ONE – BODILY INJURY

25.

Paragraphs 1 through 24 above are incorporated herein by reference.

26.

By reason of the foregoing, PLAINTIFF suffered severe bodily injuries requiring surgeries, hospitalization and rehabilitation, substantial medical expense, loss of income, loss of ability to labor and earn money, and severe pain of body and mind.

## COUNT TWO - BAD FAITH AND STUBBORN LITIGIOUSNESS

27.

Paragraphs 1 through 26 above are incorporated herein by reference.

28.

Defendants KEIRSEY and HENIFF showed bad faith in the transaction through violation of mandatory safety rules, including provisions of Federal Motor Carrier Safety Regulations, supporting a claim for expenses of litigation including attorney fees pursuant to O.C.G.A. § 13-6-11.

29.

All Defendants, through the actions of GWCC, as agent for Defendants KEIRSEY and HENIFF, have been stubbornly litigious in refusing to make any effort to resolve this matter within a reasonable time granted by PLAINTIFF prior to suit. Such stubborn litigiousness is a separate and additional ground for recovery of expenses of litigation including attorney fees under O.C.G.A. § 13-6-11.

## COUNT THREE - PUNITIVE DAMAGES

30.

Paragraphs 1 through 29 above are incorporated herein by reference.

31.

Defendants HENIFF and KEIRSEY have each conducted themselves in a manner sufficient to show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, thereby supporting an award of punitive damages pursuant to O.C.G.A. § 51-12-5.1.

## COUNT FOUR – DIRECT ACTION

32.

Paragraphs 1 through 31 above are incorporated herein by reference.

33.

Defendant GWCC, as the insurance carrier for a Defendant motor carrier, HENIFF, is liable for PLAINTIFF'S damages pursuant to the Georgia Direct Action Statute, O.C.G.A. § 40-1-112.

WHEREFORE, PLAINTIFF prays:

a. That all Defendants be served with summons of process and a copy of this complaint;

b. That PLAINTIFF be granted a trial by jury as to all issues in this cause of action;

c. That PLAINTIFF recover from all Defendants for bodily, medical expenses in such amounts as may be shown at trial, and for physical and mental pain and suffering, loss of income, and loss of ability to labor and earn money, as determined by the enlightened conscience of fair and impartial jurors;

e. That PLAINTIFF recover punitive damages against the Defendants HENIFF and KEIRSEY pursuant to O.C.G.A. § 51-12-5.1, based upon willful misconduct, wantonness, or that entire want of care which would raise the presumption of conscious indifference to consequences, in such amount as the jury may determine sufficient to penalize, punish and deter.

d. That the court award expenses of litigation including attorney fees against all Defendants and to PLAINTIFF due to bad faith in the transaction demonstrated

by violation of mandatory safety rules, and also for stubborn litigiousness, pursuant to O.C.G.A. § 13-6-11;

e. That the court award the PLAINTIFF damages against Defendant GWCC to the fullest extent available pursuant to the Georgia Direct Action Statute, O.C.G.A. § 40-1-112;

g. That PLAINTIFF recovers all special and general damages allowed by law in an amount to be shown by the evidence; and

h.  That PLAINTIFF recovers all such other and further relief as this Court deems just and proper under the facts, circumstances and law applicable to this case.

KENNETH L. SHIGLEY, PC


*/s/ Kenneth L. Shigley*
Kenneth L. Shigley
Georgia Bar No. 642744


ADKINS LAW FIRM, LLC


*/s/ John W. Adkins*
John W. Adkins
Georgia Bar No. 142338

                      LAW OFFICE OF EDDIE G. STONE, LLC

                      */s/ Eddie "Ed" G. Stone*
                      Eddie "Ed" G. Stone
                      Georgia Bar No. 685924
                      Attorneys for Plaintiff

JOHNSON & WARD, LLC
1629 Monroe Drive, N.E.
Atlanta, Georgia 30324-5003
Telephone: (404) 524-5626
ken@shigleylaw.com
johnadkins@johnsonward.com
edstone@johnsonward.com